IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BETTY WALKER,** | ) | **FILED: JULY 25, 2008** |
| | ) | **08CV4220** |
| Plaintiff, | ) No. | **JUDGE GUZMAN** |
| | ) | **MAGISTRATE JUDGE DENLOW** |
| v. | ) | **AEE** |
| **ARAMARK UNIFORM SERVICES** | ) | |
| **(MIDWEST) LLC d/b/a ARAMARK** | ) | **Jury Trial Requested** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES, Plaintiff, BETTY WALKER, by and through her attorneys, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, ARAMARK UNIFORM SERVICES (MIDWEST) LLC d/b/a ARAMARK, states as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 et seq. ("Title VII") and by the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. §§ 2000e et seq., and 29 U.S.C. § 621 et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

1

**VENUE**

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**PARTIES**

4. Plaintiff is a sixty (60) year old female citizen of the United States of America and is a resident of the State of Illinois.

5. Defendant, ARAMARK UNIFORM SERVICES (MIDWEST) LLC d/b/a ARAMARK, is a corporation properly recognized and sanctioned by the laws of the State of Delaware. At all relevant times hereto, Defendant conducts, and continues to conduct, business in the State of Illinois.

**PROCEDURE**

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on July 11, 2008. The EEOC issued Plaintiff a Notice of Right to Sue on July 22, 2008, which was received on July 24, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

**COMMON ALLEGATIONS**

7. Plaintiff began working for Defendant or its predecessors in 1972 and remains continuously employed with Defendant.

8. Throughout the duration of her thirty-six (36) year tenure of employment with Defendant, Plaintiff's performance met or exceeded Defendant's legitimate expectations, as exemplified by her longevity of employment, merit-based raises, and her promotion to Supervisor.

**COUNT I – SEX DISCRIMINATION – TITLE VII**

9. Paragraphs one (1) through eight (8) are incorporated by reference as if fully set out herein.

10. Darrel Matzelle, a male, began working in Plaintiff's location in 2006 as a Production Manager.

11. Since Matzelle became Plaintiff's Production Manager in 2006, Plaintiff began to experience adverse terms and conditions in her employment because of her sex, female, and these adverse terms and conditions include, but are not limited to:

   a. Matzelle failing to communicate with Plaintiff and asking Plaintiff's subordinates for assistance in lieu of talking to Plaintiff;

   b. Relegating Plaintiff to the night shift in September 2007 while allowing male manager Jessie Rosey to work the days. Despite Matzelle agreeing to allow Plaintiff and Rosey to alternate the day and night shifts every three (3) months, Matzelli reneged on the agreement, forcing Plaintiff to continue working the night shift;

   c. Affording male manager Rosey substantial salary increases while only providing Plaintiff meager salary increases, causing Plaintiff to become the lowest paid supervisor;

   d. Allowing male Production Manager James Youkhanis to disgorge Plaintiff of her supervisory responsibilities over male Lead Person Carlos Diaz. When Plaintiff complained about this to Matzelli in mid-April 2008, Matzelli arranged a meeting between Plaintiff, Matzelli and Diaz. Youkhanis did not participate in the meeting. During this meeting, Matzelli asked Plaintiff

"what we should do about it?" and after Plaintiff gave her opinion, Matzelli asked Diaz, Plaintiff's subordinate, "What we should do about it?" and Matzelli prodded Diaz to "Just tell her what you told me." After making this comment, Matzelli told Plaintiff that "I'm not trying to belittle you."

12. On May 11, 2008, Plaintiff broke her leg and was forced to take a leave of absence from work.

13. Upon returning to work on July 7, 2008, Plaintiff met with Lalo Cedillo and Mike Grabowski from Defendant's Human Resources department. Cedillo and Grabowski informed Plaintiff that she could no longer be a supervisor, and Plaintiff was given the choice of resigning or accepting a demotion to the position of regular plant employee at a substantially lower rate of pay. Immediately after this conversation, Plaintiff was demoted to the position of regular plant employee.

14. Since Plaintiff's demotion, Matzelli has been laughing, mocking, and belittling Plaintiff on Defendant's facility floor in full view of Plaintiff's coworkers.

15. Any proffered explanation for Defendant's demotion of Plaintiff is pretext for sex discrimination against Plaintiff, as Plaintiff's male comparative, Rosey, engaged in similar conduct for which Plaintiff was demoted, but received no punishment.

16. As a direct and proximate result of Defendant's aforementioned willful and reckless disregard for Plaintiff's civil rights, Defendant subjected Plaintiff to adverse terms and conditions that it did not subject to similarly-situated male employees at Defendant.

17. The aforementioned acts of Defendant were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff because of her sex, female, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

18.    As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BETTY WALKER, prays for judgment against Defendant, ARAMARK UNIFORM SERVICES (MIDWEST) LLC d/b/a ARAMARK, and respectfully requests that this Court:

A.    Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of sex;

C.    Order Defendant to make whole BETTY WALKER by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.    Order Defendant to pay lost, foregone, and future wages to BETTY WALKER;

E.    Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F.    Grant Plaintiff her attorney's fees, costs, disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II - AGE DISCRIMINATION - ADEA

19.    Paragraphs one (1) through eight (8) are incorporated by reference as if fully set forth

herein.

20.     Darrel Matzelle, an individual in his low thirties (30's), began working in Plaintiff's location in 2006 as a Production Manager.

21.     Since Matzelle became Plaintiff's Production Manager in 2006, Plaintiff began to experience adverse terms and conditions in her employment because of her age, sixty (60), and these adverse terms and conditions include, but are not limited to:

    a.  Matzelle failing to communicate with Plaintiff and asking Plaintiff's subordinates for assistance in lieu of talking to Plaintiff;

    b.  Relegating Plaintiff to the night shift in September 2007 while allowing Jessie Rosey, who is in his low fifties (50's) to work the days. Despite Matzelle agreeing to allow Plaintiff and Rosey to alternate the day and night shifts every three (3) months, Matzelli reneged on the agreement, forcing Plaintiff to continue working the night shift;

    c.  Affording substantially younger manager Rosey substantial salary increases while only providing Plaintiff meager salary increases, causing Plaintiff to become the lowest paid supervisor;

    d.  Allowing twenty-nine (29) year old Production Manager James Youkhanis to disgorge Plaintiff of her supervisory responsibilities over Lead Person Carlos Diaz, who is in his thirties (30's). When Plaintiff complained about this to Matzelli in mid-April 2008, Matzelli arranged a meeting between Plaintiff, Matzelli and Diaz. Youkhanis did not participate in the meeting. During this meeting, Matzelli asked Plaintiff "what we should do about it?"

and after Plaintiff gave her opinion, Matzelli asked Diaz, Plaintiff's subordinate, "What we should do about it?" and Matzelli prodded Diaz to "Just tell her what you told me." After making this comment, Matzelli told Plaintiff that "I'm not trying to belittle you."

22. On May 11, 2008, Plaintiff broke her leg and was forced to take a leave of absence from work.

23. Upon returning to work on July 7, 2008, Plaintiff met with Lalo Cedillo and Mike Grabowski from Defendant's Human Resources department. Cedillo and Grabowski informed Plaintiff that she could no longer be a supervisor, and Plaintiff was given the choice of resigning or accepting a demotion to the position of regular plant employee at a substantially lower rate of pay. Immediately after this conversation, Plaintiff was demoted to the position of regular plant employee.

24. Since Plaintiff's demotion, Matzelli has been laughing, mocking, and belittling Plaintiff on Defendant's facility floor in full view of Plaintiff's coworkers.

25. Any proffered explanation for Defendant's demotion of Plaintiff is pretext for age discrimination against Plaintiff, as Plaintiff's substantially younger comparative, Rosey, engaged in similar conduct for which Plaintiff was demoted, but received no punishment.

26. As a direct and proximate result of Defendant's aforementioned willful and reckless disregard for Plaintiff's civil rights, Defendant subjected Plaintiff to adverse terms and conditions that it did not subject similarly-situated younger employees during Plaintiff's employment.

27. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her age, sixty (60), and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in

violation of 29 U.S.C. § 621 et seq.

28.　　As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BETTY WALKER, prays for judgment against Defendant, ARAMARK UNIFORM SERVICES (MIDWEST) LLC d/b/a ARAMARK, and respectfully requests that this Court:

A.　　Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.　　Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of age;

C.　　Order Defendant to make whole BETTY WALKER by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.　　Order Defendant to pay lost, foregone, and future wages to BETTY WALKER;

E.　　Grant Plaintiff actual, consequential, liquidated and any other damages that the Court may deem appropriate against Defendant;

F.　　Grant Plaintiff her attorney's fees, costs, disbursements; and

G.　　Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

29. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

                                                Respectfully submitted,

                                                BETTY WALKER, Plaintiff

                                                By_____/s/Lisa Kane_____
                                                    Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

## Verification

I, BETTY WALKER, declare under penalty of perjury that the foregoing is true and correct.

Executed July 22, 2008.

*Betty Walker*

BETTY WALKER

08CV4220
JUDGE GUZMAN
MAGISTRATE JUDGE DENLOW
AEE

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Betty Walker**
6557 S. Aberdeen
Chicago, IL 60621

From: **Chicago District Office**
500 West Madison St
Suite 2000
Chicago, IL 60661

Certified Mail 7001 0320 0006 1100 0832

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-06922 | Jacquelyn C. Gandy, Investigator Support Asst | (312) 886-5976 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

John P. Rowe, **District Director**

7/22/08 (Date Mailed)

Enclosures(s)

cc: **ARAMARK UNIFORM SERVICES**