IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BETTY WALKER, | ) | FILED: JULY 25, 2008 |
| | ) | 08CV4220 |
| Plaintiff, | ) | |
| | ) | No.   JUDGE GUZMAN |
| v. | ) | MAGISTRATE JUDGE DENLOW |
| | ) | |
| ARAMARK UNIFORM SERVICES | ) | |
| (MIDWEST) LLC d/b/a ARAMARK | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO COMPLAINT**

Defendant ARAMARK Uniform & Career Apparel, LLC, f/k/a ARAMARK Uniform & Career Apparel, Inc. ("ARAMARK"),[1] (herein "Defendant" or the "Company"), by and through its attorneys, Morgan, Lewis & Bockius, LLP, answers the Plaintiff's Complaint in accordance with the numbered paragraphs thereof as follows:

**PRELIMINARY STATEMENT**

1. **This is an action seeking redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 et seq. ("Title VII") and by the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.**

**ANSWER**: The Company admits that Plaintiff has brought the above-captioned lawsuit pursuant to Title VII and the ADEA, and that the lawsuit alleges claims of discrimination based on sex and age. The Company denies that such discrimination occurred.

---

[1] ARAMARK is incorrectly identified in Plaintiff's Complaint as ARAMARK Uniform Services (Midwest) LLC.

## JURISDICTIONAL STATEMENT

2. **Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. §§ 2000e et seq., and 29 U.S.C. § 621 et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.**

**ANSWER**: The Company admits that the Court has jurisdiction in this matter.

## VENUE

3. **Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).**

**ANSWER**: The Company admits that venue is proper in this matter.

## PARTIES

4. **Plaintiff is a sixty (60) year old female citizen of the United States of America and is a resident of the State of Illinois.**

**ANSWER**: The Company admits that the Plaintiff is a female. Based on information and belief, according to information provided by Plaintiff maintained in Company records, the Company admits that Plaintiff is sixty (60) years of age, that she is a citizen of the United States of America and that she is a resident of the State of Illinois.

5. **Defendant, ARAMARK UNIFORM SERVICES (MIDWEST) LLC d/b/a ARAMARK, is a corporation properly recognized and sanctioned by the laws of the State of Delaware. At all relevant times hereto, Defendant conducts, and continues to conduct, business in the State of Illinois.**

**ANSWER**: Defendant denies the allegation based on being improperly identified in the Complaint. The Company affirmatively states that the Plaintiff's employer, ARAMARK Uniform & Career Apparel, LLC, f/k/a ARAMARK Uniform & Career Apparel, Inc. is a limited liability company properly recognized and sanctioned by the laws of the State of Delaware and that at all relevant times hereto, it has conducted, and continues to conduct, business in the State of Illinois.

## PROCEDURE

**6.     Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on July 11, 2008. The EEOC issued Plaintiff a Notice of Right to Sue on July 22, 2008, which was received on July 24, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.**

**ANSWER**:   The Company admits that it has received a copy of the EEOC Right to Sue letter dated July 22, 2008.  The Company is without sufficient information to form a belief concerning the remaining allegations contained in Paragraph 6 of the Complaint and thus denies such allegations.

## COMMON ALLEGATIONS

**7.     Plaintiff began working for Defendant or its predecessors in 1972 and remains continuously employed with Defendant.**

**ANSWER**:   The Company admits the allegations contained in Paragraph 7 of the Complaint.

**8.     Throughout the duration of her thirty-six (36) year tenure of employment with Defendant, Plaintiff's performance met or exceeded Defendant's legitimate expectations, as exemplified by her longevity of employment, merit-based raises, and her promotion to Supervisor.**

**ANSWER**:   The Company denies the allegations contained in Paragraph 8 of the Complaint.

## COUNT I - SEX DISCRIMINATION - TITLE VII

**9.     Paragraphs one (1) through eight (8) are incorporated by reference as if fully set out herein.**

**ANSWER**:   The Company repeats and incorporates its responses to Paragraphs 1-8 of the Complaint as its response to Paragraphs 1-8 of the Complaint as though fully set forth herein.

  **10.** **Darrel Matzelle, a male, began working in Plaintiff's location in 2006 as a Production Manager.**

  **ANSWER**: The Company admits that Daryl Matzelle is a male and that he began working with Company in 2006 as a Production Manager Trainee. The Company otherwise denies the allegations in paragraph 10 of the Complaint.

  **11.** **Since Matzelle became Plaintiffs Production Manager in 2006, Plaintiff began to experience adverse terms and conditions in her employment because of her sex, female, and these adverse terms and conditions include, but are not limited to:**

   **a.** **Matzelle failing to communicate with Plaintiff and asking Plaintiff's subordinates for assistance in lieu of talking to Plaintiff;**

   **b.** **Relegating Plaintiff to the night shift in September 2007 while allowing male manager Jessie Rosey to work the days. Despite Matzelle agreeing to allow Plaintiff and Rosey to alternate the day and night shifts every three (3) months, Matzelli reneged on the agreement, forcing Plaintiff to continue working the night shift;**

   **c.** **Affording male manager Rosey substantial salary increases while only providing Plaintiff meager salary increases, causing Plaintiff to become the lowest paid supervisor;**

   **d.** **Allowing male Production Manager James Youkhanis to disgorge Plaintiff of her supervisory responsibilities over male Lead Person Carlos Diaz. When Plaintiff complained about this to Matzelli in mid-April 2008, Matzelli arranged a meeting between Plaintiff, Matzelli and Diaz. Youkhanis did not participate in the meeting. During this meeting, Matzelli asked Plaintiff "what we should do about it?" and after Plaintiff gave her opinion, Matzelli asked Diaz, Plaintiff's subordinate, "What we should do about it?" and Matzelli prodded Diaz to "Just tell her what you told me." After making this comment, Matzelli told Plaintiff that "I'm not trying to belittle you."**

  **ANSWER**: The Company denies the allegations contained in Paragraph 11 of the Complaint.

**12.    On May 11, 2008, Plaintiff broke her leg and was forced to take a leave of absence from work.**

**ANSWER**:    The Company admits that Company received medical documents indicating that Plaintiff had fractured her leg, which involved a non-work related injury, and that Plaintiff took a leave of absence.  The Company is without sufficient information to form a belief concerning the remaining allegations and thus denies such allegations.

**13.    Upon returning to work on July 7, 2008, Plaintiff met with Lalo Cedillo and Mike Grabowski from Defendant's Human Resources department. Cedillo and Grabowski informed Plaintiff that she could no longer be a supervisor, and Plaintiff was given the choice of resigning or accepting a demotion to the position of regular plant employee at a substantially lower rate of pay. Immediately after this conversation, Plaintiff was demoted to the position of regular plant employee.**

**ANSWER**:    Based on ongoing performance-related concerns involving the Plaintiff in her role as a supervisor, Lalo Cedillo, General Manager, and Mike Grabowski, Director of Human Resources, Central Region, met with Plaintiff on or about July 7, 2008 and gave Plaintiff a choice of resigning or accepting another position at a lower pay and that Plaintiff chose to accept the new position.  The Company affirmatively states that the Company elected to postpone advising the Plaintiff of the decision until after she returned from her medical leave of absence.  The Company denies the remaining allegations contained in Paragraph 13 of the Complaint.

**14.    Since Plaintiff's demotion, Matzelli has been laughing, mocking, and belittling Plaintiff on Defendant's facility floor in full view of Plaintiffs coworkers.**

**ANSWER**:    The Company denies the allegations contained in Paragraph 14 of the Complaint.

15. **Any proffered explanation for Defendant's demotion of Plaintiff is pretext for sex discrimination against Plaintiff, as Plaintiff's male comparative, Rosey, engaged in similar conduct for which Plaintiff was demoted, but received no punishment.**

**ANSWER**:   The Company denies the allegations contained in Paragraph 15 of the Complaint.

16. **As a direct and proximate result of Defendant's aforementioned willful and reckless disregard for Plaintiff's civil rights, Defendant subjected Plaintiff to adverse terms and conditions that it did not subject to similarly-situated male employees at Defendant.**

**ANSWER**:   The Company denies the allegations contained in Paragraph 16 of the Complaint.

17. **The aforementioned acts of Defendant were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff because of her sex, female, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.**

**ANSWER**:   The Company denies the allegations contained in Paragraph 17 of the Complaint.

18. **As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.**

**ANSWER**:   The Company denies the allegations contained in Paragraph 18 of the Complaint and in further answering denies that the Plaintiff was damaged or injured based on any actionable conduct by the Company.

## COUNT II - AGE DISCRIMINATION - ADEA

19. **Paragraphs one (1) through eight (8) are incorporated by reference as if fully set forth herein.**

**ANSWER**: The Company repeats and incorporates its responses to Paragraphs 1-8 of this Complaint as its response to Paragraphs 1-8 of the Complaint as though fully set forth herein.

20. **Darrel Matzelle, an individual in his low thirties (30's), began working in Plaintiff's location in 2006 as a Production Manager.**

**ANSWER**: The Company admits that Daryl Matzelle is 32 years of age and began working with Company in 2006 as a Production Manager Trainee.

21. **Since Matzelle became Plaintiff's Production Manager in 2006, Plaintiff began to experience adverse terms and conditions in her employment because of her age, sixty (60), and these adverse terms and conditions include, but are not limited to:**

   a. **Matzelle failing to communicate with Plaintiff and asking Plaintiff's subordinates for assistance in lieu of talking to Plaintiff;**

   b. **Relegating Plaintiff to the night shift in September 2007 while allowing Jessie Rosey, who is in his low fifties (50's) to work the days. Despite Matzelle agreeing to allow Plaintiff and Rosey to alternate the day and night shifts every three (3) months, Matzelli reneged on the agreement, forcing Plaintiff to continue working the night shift;**

   c. **Affording substantially younger manager Rosey substantial salary increases while only providing Plaintiff meager salary increases, causing Plaintiff to become the lowest paid supervisor;**

   d. **Allowing twenty-nine (29) year old Production Manager James Youkhanis to disgorge Plaintiff of her supervisory responsibilities over Lead Person Carlos Diaz, who is in his thirties (30's). When Plaintiff complained about this to Matzelli in mid-April 2008, Matzelli arranged a meeting between Plaintiff, Matzelli and Diaz. Youkhanis did not participate in the meeting. During this meeting, Matzelli asked Plaintiff "what we should do about it?" and after Plaintiff gave**

> her opinion, Matzelli asked Diaz, Plaintiff's subordinate, "What we should do about it?" and Matzelli prodded Diaz to "Just tell her what you told me." After making this comment, Matzelli told Plaintiff that "I'm not trying to belittle you."

**ANSWER**: The Company denies the allegations contained in Paragraph 21 of the Complaint

> 22. On May 11, 2008, Plaintiff broke her leg and was forced to take a leave of absence from work.

**ANSWER**: The Company admits that Company received medical documents indicating that Plaintiff had fractured her leg, which involved a non-work related injury, and that Plaintiff took a leave of absence. The Company is without sufficient information to form a belief concerning the remaining allegations and thus denies such allegations.

> 23. Upon returning to work on July 7, 2008, Plaintiff met with Lalo Cedillo and Mike Grabowski from Defendant's Human Resources department. Cedillo and Grabowski informed Plaintiff that she could no longer be a supervisor, and Plaintiff was given the choice of resigning or accepting a demotion to the position of regular plant employee at a substantially lower rate of pay. Immediately after this conversation, Plaintiff was demoted to the position of regular plant employee.

**ANSWER**: Based on ongoing performance-related concerns involving the Plaintiff in her role as a supervisor, Lalo Cedillo, General Manager, and Mike Grabowski, Director of Human Resources, Central Region, met with Plaintiff on or about July 7, 2008 and gave Plaintiff a choice of resigning or accepting another position at a lower pay and that Plaintiff chose to accept the new position. The Company affirmatively states that the Company elected to postpone advising the Plaintiff of the decision until after she returned from her medical leave of absence. The Company denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. **Since Plaintiffs demotion, Matzelli has been laughing, mocking, and belittling Plaintiff on Defendant's facility floor in full view of Plaintiff's coworkers.**

**ANSWER**:   The Company denies the allegations contained in Paragraph 24 of the Complaint.

25. **Any proffered explanation for Defendant's demotion of Plaintiff is pretext for age discrimination against Plaintiff, as Plaintiffs substantially younger comparative, Rosey, engaged in similar conduct for which Plaintiff was demoted, but received no punishment.**

**ANSWER**:   The Company denies the allegations contained in Paragraph 25 of the Complaint.

26. **As a direct and proximate result of Defendant's aforementioned willful and reckless disregard for Plaintiff's civil rights, Defendant subjected Plaintiff to adverse terms and conditions that it did not subject similarly-situated younger employees during Plaintiff's employment.**

**ANSWER**:   The Company denies the allegations contained in Paragraph 26 of the Complaint.

27. **The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her age, sixty (60), and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 29 U.S.C. § 621 et seq.**

**ANSWER**:   The Company denies the allegations contained in Paragraph 27 of the Complaint.

28. **As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.**

**ANSWER**:   The Company denies the allegations contained in Paragraph 28 of the Complaint and in further answering denies that the Plaintiff was damaged or injured based on any actionable conduct by the Company.

## JURY TRIAL DEMAND

**29.    Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.**

**ANSWER**:    The Company admits that based on the Complaint, Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in the Complaint, but denies the allegations in Paragraph 29 of the Complaint to the extent that it calls for a legal conclusion.

## AFFIRMATIVE AND OTHER DEFENSES

As for its affirmative defenses to the allegations in the above-captioned Complaint, Defendant ARAMARK states as follows:

1.    The Company's decision to change Plaintiff's employment position was based on legitimate business reasons unconnected to Plaintiff's age, sex or any other protected status and was not a pretext for discrimination as alleged.

2.    The Company's decision to change the Plaintiff's employment position was based on reasonable factors other than age.

3.    Plaintiff's claims for damages are barred to the extent that she has failed to sufficiently mitigate any damages to which she may be entitled.

4.    Plaintiff's claims are time-barred to the extent that Plaintiff failed to timely file a charge of discrimination based on any alleged discriminatory conduct as alleged in the Complaint.

5.    In the event that the Court or a jury concludes that sex or age was a motivating factor in any of the employment decisions challenged by Plaintiff, which Defendant expressly denies, the Company affirmatively states that the same decisions would have been made even absent considerations of sex or age.

6.  While liability is expressly denied, Plaintiff is not entitled to recover punitive damages for her sex discrimination claim because Defendant did not act with an improper motive or reckless disregard of Plaintiff's federally protected rights and/or any such conduct was not engaged in by managerial agents of Defendant consistent with the requirement of *Kolstad v. American Dental Association*, 527 U.S. 526 (1999).

7.  While liability is expressly limited, Plaintiff is not entitled to liquidated damages for her age discrimination claim because Defendant did not engage in any willful or reckless acts or omissions as required by law for the imposition of such damages.

WHEREFORE, the Defendant, ARAMARK, denies that the Plaintiff is entitled to any relief, including but not limited to actual, consequential, liquidated, punitive or any other damages, denies that the Plaintiff is entitled to recover any legal fees or costs from the Company, and prays that judgment be entered in favor of the Defendant and against the Plaintiff, and for all other relief as this Court deems proper.

Dated: September 5, 2008

Respectfully submitted,

s/ Barry A. Hartstein

Barry A. Hartstein
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois  60601
Telephone:  312.324.1000
Facsimile:  312.324.1001

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 5, 2008, a true and correct copy of **Defendant's Answer to Complaint** was served upon the following party via the Court's CM/ECF system:

> Ms. Lisa Kane
> Lisa Kane & Associates, P.C.
> 120 South LaSalle Street, Suite 1420
> Chicago, IL  60604

s/ Barry A. Hartstein
Barry A. Hartstein
